FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUN 29 PM 4:10

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 02-060 |
| JACKLEAN DAVIS | SECTION "H" |

## ORDER AND OPINION

Defendant's motion for post-conviction relief pursuant to 28 U.S.C. §2255 was considered on memoranda. Upon review of the entire record, it is clear that movant is not entitled to post-conviction relief under §2255, and that an evidentiary hearing is not necessary. Accordingly, defendant's motion to vacate her convictions and sentence is DENIED.

In 2002 a jury found defendant guilty of one count of conspiracy to commit extortion (18 U.S.C. §371 and §1951) and one count of extortion (18 U.S.C. §1951). I sentenced defendant to a thirty month term of imprisonment on each count, to be served concurrently. The United States Court of Appeal for the Fifth Circuit affirmed the convictions and sentence. *United States v. Lee*, No. 03-30004, 88 Fed. Appx. 682 (5th Cir. January 29, 2004).

In this motion for post-conviction relief pursuant to 28 U.S.C. §2255 defendant seeks to vacate her convictions and sentences, urging that the prosecution failed to disclose evidence

____ Fee_____
____ Process_____
_X__ Dktd_____
____ CtRmDep_____
____ Doc. No_____

favorable to the defense in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d

215 (1963), and that her trial counsel rendered ineffective assistance in several respects.

## FACTS

The Fifth Circuit Court of Appeals succinctly summarized the pertinent facts as follows:

> This case arises out of an off-duty police detail of New Orleans Police
> Department ("NOPD") officers at a promotional event hosted by
> BigPros, Inc. ("BigPros"), a Florida corporation. Appellant Samuel
> Lee ("Lee"), a former lieutenant with the NOPD, arranged the
> security detail. Appellant Jacklean Davis ("Davis"), a former
> sergeant with the NOPD, was the detail coordinator at the event. At
> trial, the Government presented evidence that, following the event,
> Lee and Davis demanded additional payment from the event
> promoters and threatened them with arrest if they refused to pay.

*United States v. Lee*, No. 03-30004, 88 Fed. Appx. at 683.

## FAILURE TO DISCLOSE EVIDENCE

Davis contends that the prosecution denied her due process and a fair trial by not disclosing

to the defense that there was an outstanding warrant for the arrest of Tim Crockett, a prosecution

witness, for paying a rental fee with a check when there were insufficient funds to cover the check.

No extensive analysis of this claim is necessary. Davis urged this same claim on direct appeal; the

court of appeals rejected the claim. Where, as here, a defendant raises a claim on direct appeal and

that claim is rejected by the court of appeals, the defendant is barred from raising the issue again on

collateral review. *United States v. Webster*, 392 F.3d 787, 791 (5th Cir. 2004). Davis is not entitled

to relief on this claim.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Davis asserts that her trial counsel rendered ineffective assistance in the following respects:

- losing a piece of evidence, i.e., a receipt, which "would directly refute Tim Crockett's version of events and negate charges against Petitioner";
- failing to fully investigate the case; and
- refusing to allow Davis to testify at trial.

In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court established a two prong test for evaluating claims of ineffective assistance of counsel: a defendant seeking relief must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. With regard to the performance prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. at 2064. There is a strong presumption that an attorney's performance "falls within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. at 2065. The defendant must overcome the presumption that the challenged action might be considered to be sound trial strategy. *Id.* (internal quotation and citation omitted).

In order to satisfy the prejudice requirement, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. at 694, 104 S.Ct. at 2068. It is clear that even "professionally unreasonable" errors on the part of counsel do not warrant setting aside a conviction if the error had no effect on the proceeding. *Larsen v. Maggio*, 736 F.2d 215 (5th Cir. 1984).

The burden of demonstrating prejudice rests on the defendant. *Strickland v. Washington*, 466 U.S. at 693, 104 S.Ct. at 2067. The defendant must demonstrate that an alleged error actually had an adverse effect on the defense; "that the `might have beens' [at trial] would have been important

3

enough to affect the proceedings' reliability." *Larsen v. Maggio*, 736 F.2d at 218. If the defendant makes an insufficient showing on either component of the ineffective assistance of counsel inquiry, it is not necessary to examine the remaining prong of the test. *Strickland v. Washington*, 466 U.S. at 697, 104 S.Ct. 2069.

Davis alleges that when she collected the payment for the security detail from Tim Crockett she "had him prepare and sign a receipt, which she also signed to indicate that all parties were in agreement and satisfied with the completed transaction." Davis states that she kept the original receipt and gave Tim Crockett a copy of the receipt, but that she eventually gave the original receipt to her counsel, who thereafter lost it. She contends that the loss of the receipt prejudices her because the receipt "would directly refute Crockett's version of events and negate the charges against [her]."

Assuming *arguendo* that Davis's counsel did in fact lose the original receipt, the loss of the receipt did not prejudice Davis. At the trial the government introduced into evidence a receipt prepared by Tim Crockett and signed by Samuel Lee indicating that Big Pros and the individual victims had "paid in full nine thousand eight hundred and seventy-five dollars cash for services rendered during their event at the Sheraton . . . This included 20 officers, 4 sergeants, and 1 lieutenant. For a total of 9 hours each. Paid in Full." On cross-examination Tim Crockett testified that he did not believe that he had signed a receipt similar to that Lee signed or any document verifying that he had paid Lee. Crockett also testified "[m]aybe I did. If I did, I was very tired and very scared." Had the receipt described by Davis been introduced, it would have established that Crockett had in fact signed the receipt, but the mere existence of the second receipt would not have negated the charges against Davis as she contends. Even if the receipt stated that all of the parties were in agreement as to the amount charged and satisfied with the transaction, considering the

4

evidence produced by the prosecution, there is no reasonable probability that the outcome of the proceedings would have been different. Each of the individual victims identified in the indictment testified at trial that they understood that the off-duty police detail would cost less than $5,000.00. Hinton Battle testified that when he and the other partners looked at the final invoice of almost $10,000.00 prepared by Samuel Lee they "were all like shocked and surprised." When the prosecutor asked Abe Woessen to describe his reaction to the invoice presented, he stated "[h]onestly, I thought it was crazy. I thought it was highway robbery." Tim Crockett testified that after receiving the invoice he told Lee "[w]ell this isn't right" and that he then attempted to discuss the discrepancy with the head of security for the Sheraton Hotel. Additionally, each individual victim testified that he felt either scared or threatened as a result of the dispute over the cost of the detail. Moreover, it is undisputed that after Crockett paid the final invoice he filed complaints about the unexpectedly high cost of the police detail with the Mayor's Office, the Public Integrity Division of the New Orleans Police Department, and the Sheraton Hotel. Considering all of that testimony, there is no reasonable probability that the outcome of the proceedings would have been different had Davis introduced a receipt prepared by Tim Crockett "indicat[ing] that all parties were in agreement and satisfied with the completed transaction." Because Davis has failed to satisfy the prejudice prong of the *Strickland* test, this claim lacks merit.

Davis also contends that her counsel rendered ineffective assistance by failing to inspect, read, and copy her Personal Integrity Division case file concerning this matter. She asserts that "[a] review of the file **could** have yielded impeachment evidence or further *Brady* material." (emphasis added). Davis does not specifically identify what impeachment evidence or *Brady* material may have been present in the Personal Integrity Division file. Rather, she simply alleges that review of

the file "could" have disclosed information beneficial to the defense.  This claim consists of a mere conclusory allegation.  "Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *United States v. Holmes*, 406 F.3d 337, 361 (5th Cir. 2005)(internal quotation and citation omitted).

Petitioner also urges that her counsel rendered ineffective assistance because despite her repeated statements to her trial counsel that she wished to testify in her own defense, trial counsel refused to allow her to testify based on his "erroneous" belief that a previous administrative infraction could be used against her on cross-examination. Davis contends that her counsel's refusal to let her testify deprived her of her right to testify in her own behalf.

"[W]here the defendant contends that his counsel interfered with his right to testify, the 'appropriate vehicle for such claims is a claim of ineffective assistance of counsel.'" *United States v. Mullins*, 315 F.3d 449, 452 (5th Cir. 2002), *quoting Sayer v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2110).  To prevail on such a claim, the defendant must satisfy the two prong test of *Strickland*. *United States v. Harris*, 408 F.3d 186, 192 (5th Cir. 2005).

This motion to vacate has not been verified by Davis, nor has she filed an affidavit attesting that she advised her trial counsel that she wanted to testify at trial and that he refused to allow her to do so.[1]  In conjunction with its opposition to the motion to vacate, the government filed an affidavit by Robert Jenkins, Davis's trial counsel, stating:

> The allegation that I refused to allow [Davis] to testify is also untrue. She did not "repeatedly" express a desire to testify on her behalf at trial.  The decision for her to testify was hers alone and she made the decision not to testify.  She made this decision after we fully discussed the peril of her testifying, the fact that the government has

---

[1] Retained counsel filed this motion for post-conviction relief on behalf of Davis.

impeachment evidence that she had committed perjury in a police administrative hearing, and that the trial judge could rule that this administrative adjudication could be used to impeach her.

Even after receiving the government's response containing Mr. Jenkins's affidavit, Davis did not file an affidavit setting forth the factual basis for her claim that her trial counsel interfered with her right to testify.

In any event, Davis cannot satisfy the prejudice prong of *Strickland*. Davis presented no defense witnesses; her testimony would have been the sole component of her defense, thereby making her credibility the "make or break" element of her defense. Relying on a defense which required the jury to find Davis's testimony credible involved a significant risk, because good reason existed for the jury to not credit Davis's testimony.

Davis had previously been suspended from duties as a police officer after the superintendent of police concluded, following an internal investigation, that Davis committed perjury when giving sworn testimony during administrative proceedings. That finding of perjury is probative of the issue of Davis's truthfulness.    Under to Rule 608 of the Federal Rules of Evidence, the government would have been entitled to cross-examine Davis concerning that perjury. Although it is impossible to determine the exact effect the prior finding of perjury would have had on the jury's evaluation of testimony given by Davis, clearly the prior perjury would have significantly undermined her testimony and destroyed the foundation of her defense.  Because the government would have been able to place before the jury evidence that on a previous occasion Davis had not provided truthful testimony while under oath, there is no reasonable probability that the outcome of this trial would have been different had Davis testified in her own defense.

A motion for post-conviction relief can be denied without an evidentiary hearing "only if

the motions, files, and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. §2255. The record in this case conclusively demonstrates that Davis is not entitled to the relief sought.

New Orleans, Louisiana, this 29th day of June 2006.

UNITED STATES DISTRICT JUDGE